UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIE DENTIGANCE, | ) | CASE NO. 5:06 CV 2856 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JULIUS WILSON, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On November 27, 2006, petitioner Willie Dentigance filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Dentigance alleges that he is being held in prison beyond the expiration of his sentence. For the reasons stated below, the petition is denied and this action is dismissed.

**Background**

Mr. Dentigance was convicted on one count of grand theft and one count of aggravated burglary in Lake County, Ohio, and seven counts of aggravated robbery, two counts of rape, one count of felonious assault, six counts of kidnaping, and one count of aggravated burglary in Cuyahoga County, Ohio. He was sentenced to a total aggregate indefinite sentence of 25-110 years in prison. Mr. Dentigance served part of his sentence and subsequently was released on parole.

While on parole, Mr. Dentigance was arrested in Portage County, Ohio on charges of drug trafficking, possession of drugs, and tampering with evidence. He was sentenced on December 15, 2004 to two years incarceration for the possession and evidence tampering charges, and eleven months for the drug trafficking charge. The sentences were to be served concurrent to each other.

Mr. Dentigance was provided a parole hearing on September 18, 2006. At that hearing, the parole board considered that Mr. Dentigance was on parole for "numerous violent crimes, including rape [when he] was convicted of new felonies." (Pet. Ex. B.) They further noted that "while incarcerated on the new commitment, in 09/05 he was found guilty at RIB[1] of Rule 11, non-consensual sexual conduct with another" and added that "time assessed is for violation behavior while on parole and institutional misconduct." (Pet. Ex. B.) Mr. Dentigance's parole hearing was continued to September 1, 2008.

In his petition, Mr. Dentigance contends that the parole board does not have the authority to hold him beyond the end of his two year sentence on the Portage County felonies. His sentence on those charges expired on October 17, 2006. He contends he is illegally detained and demands release.

### Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996. The provisions of the AEDPA apply to habeas corpus petitions filed after that effective date. Lindh v. Murphy, 521 U.S. 320, 336 (1997), See also Woodford v. Garceau, 538 U.S. 202, 210 (2003); Barker v. Yukins, 199 F.3d 867, 871 (6th Cir. 1999)("It is now well settled that AEDPA applies to all habeas petitions filed on or after its

---

[1] Rules Infraction Board

April 24, 1996 effective date."). Because Mr.Dentigance's petition was filed on November 27, 2006, the AEDPA governs this court's consideration of his petition.

The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" Woodford, 538 U.S. at 206 (citing Williams v. Taylor, 529 U.S. 362, 436 (2000)). In advancing such goals, Section 2254(d) places new constraints on "the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." Williams, 529 U.S. at 412. Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A federal court may grant a petition for a writ of habeas corpus filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States and only if "it appears that ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(a) &(b)(1); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." Manning

3

v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same theory in which it is later presented in federal court. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a theory which is separate and distinct from the one previously considered and rejected in state court.

## Exhaustion of State Court Remedies

Mr. Dentigance claims that under Ohio law, prisoners challenging the decisions of the parole board have no remedies available to them to exhaust. In support of this assertion, he cites a recent Ohio Supreme Court decision, Hernandez v. Kelly, 108 Ohio St. 3d 395, 396-98 (2006). Mr. Dentigance, however, has taken one sentence in that opinion out of context and has misinterpreted its meaning.

The Hernandez decision concerned the issue of whether an inmate could challenge post release control sanctions through an Ohio habeas corpus petition. Mr. Hernandez served his seven year definite sentence and was released on post release control status. He was arrested several months later and sent to prison for violating the terms of his post release control. Mr. Hernandez filed a writ of habeas corpus under Ohio law claiming that he was entitled to immediate release from prison and post release control because the trial court at his sentencing did not notify him that he would be subject to post release control and did not incorporate post release control into its

4

sentencing entry. In finding that Mr. Hernadez could file a habeas petition in the state court, the Ohio Supreme Court concluded:

> In general, '[s]entencing errors by a court that had proper jurisdiction cannot be remedied by extraordinary writ [of habeas corpus],' because the petitioner 'has or had adequate remedies in the ordinary course of law, e.g., appeal and postconviction relief, for review of any alleged sentencing error.' This precedent is inapposite, however, because Hernandez is not challenging his sentencing entry. He is instead challenging the Adult Parole Authority's decision - not a court's decision - to place him on post release control and the APA's subsequent decision to sanction him for violating the terms of that control. Habeas corpus *will* lie to challenge certain decisions of the Adult Parole Authority because there is no remedy of [direct] appeal available.

Hernandez, 108 Ohio St. 3d at 396-97 (emphasis added.)

Contrary to the assertions set forth by Mr. Dentigance, the Hernandez case actually specifies a state court remedy which is available to him and which must be exhausted. His confusion perhaps, lies in the difference between a habeas corpus petition filed in federal court under 28 U.S.C. § 2254 and one which is filed in state court under Ohio Revised Code § 2725.04. The availability of the Ohio writ of habeas corpus is not co-extensive with the federal writ. While a prisoner has exhausted all available state court remedies may file a habeas petition in federal court alleging his conviction or sentence violates the United States Constitution, a habeas petition under Ohio law may only be filed in very limited circumstances. such as imprisonment beyond the term of the sentence, or imprisonment under a judgment issued in absence of all jurisdiction. The issue in Hernandez was whether Mr. Hernandez could file a habeas petition under Ohio Revised Code § 2725.04 to challenge the Ohio Adult Parole Authority's decision to incarcerate him after his sentence had expired. The Ohio Supreme Court determined that this remedy was available to

Hernandez. Mr. Dentigance may also assert his claim that the Ohio Adult Parole Authority ordered his continued incarceration after his sentence expired. Consequently, Mr. Dentigance must exhaust this remedy before filing his habeas petition in federal court pursuant to 28 U.S.C. § 2254.

## Conclusion

Accordingly, this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

FILED
FEB 9 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND